NO. 07-99-0323-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2002



______________________________



 

ROBERT MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2406; HONORABLE GEORGE H. HANSARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Robert Miller, acting pro se, moves for an order appointing new counsel
and an order directing state officials to take actions granting him access to a law library. 
We dismiss the motion. 

 On September 28, 2001, this court issued an opinion and entered judgment
affirming appellant's conviction for unlawful possession of a firearm by a felon. After
considering a motion for rehearing filed by appellant's counsel, we overruled the motion
for rehearing, withdrew our opinion of September 28th, and issued an opinion dated
December 4, 2001, affirming appellant's conviction. 

 On December 27, 2001, the clerk of this court received and filed a pleading in this
matter entitled "Motion for Extension of Time to File Appellant's Motion Requesting
permission to File Out of Time Appeal or Out of time Motion for a New Trial" (the "Motion
for Extension"). That motion was signed by appellant, acting pro se, and did not reflect the
signature of his counsel. See Tex. R. App. P. 9.1(a). (1) We overruled the Motion for
Extension. 

 The clerk also received and filed, on December 27, 2001, appellant's pro se
pleading requesting this court to appoint new counsel to represent him, and to order state
officials to take actions to assure his access to law library materials (the "Motion for New
Counsel"). The Motion for New Counsel asserts, in substance, that (1) his appellate
counsel refused to present appellate issues according to appellant's wishes, (2) appellant
is having difficulties with some aspects of prison life and his life is in danger because of
actions taken and evidence presented during his trial, (3) appellant does not have access
to legal materials or a law library as much as he desires. He seeks orders from this court
replacing counsel and ordering state officials to "do whatever needs to be done to ensure
the appellant proper access to law books . . . ." 

 As we noted in our disposition of appellant's Motion for Extension, there is no
constitutional right in Texas to hybrid representation, that is, representation partially pro se
and partially by counsel. See Landers v. State, 550 S.W.2d 272, 280 (Tex.Crim.App.
1977). Nevertheless, even though the record did not reflect that his appellate counsel had
been discharged or relieved of his representation duties, we considered appellant's pro
se Motion for Extension. Although the same record is before us, without proof that
appellant's counsel has been discharged or relieved of representation duties, in the interest
of justice we consider and address appellant's pro se Motion for New Counsel. 

 This court's jurisdiction is appellate. The matters raised in appellant's Motion for
New Counsel are not in the nature of a motion for rehearing or a motion for extension of
time to file a motion for rehearing as to our disposition of the appeal from his conviction. 
See Tex. R. App. P. 49.8. The Motion for New Counsel does not arise from a notice of 
appeal from any other appealable judgment or order of a trial court, thus the motion does
not invoke our jurisdiction as to a different appealable order. See TRAP 25.2, 26.2. The
Motion for New Counsel presents nothing which we have jurisdiction to address. The
motion is dismissed. 

 

 Per Curiam 



Do not publish. 

 
1. Further reference to the Texas Rules of Appellate Procedure will be by reference
to TRAP ____.



 Locked="false" Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0315-CV

NO. 07-09-0354-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



SEPTEMBER
10, 2010

 



 

BYRON
MORGAN,

 

                                                                             Appellant

 

V.

 

D&S
MOBILE HOME CENTER, INC.,

 



                                                                             Appellee

 



 

STEPHANIE WYBLE, Individually and as Next Friend of FAITH
KUYKENDALL, a Minor, and HOPE KUYKENDALL, a Minor,  

                                                                                         

                                                                                         Appellant


v.

 

D&S MOBILE HOME CENTER, INC.,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NOS. 61,517-A AND 59,594-A; HONORABLE
HAL MINER, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            This appeal
emanates from a dispute involving the purchase of a mobile home.[1]  Though purportedly new, it actually was
not.  Though the damages caused during
its delivery were to be repaired, they purportedly were not.  Those who bought the home were Stephanie
Wyble and Byron Morgan (who allegedly represented themselves to be married
under the common law).  The seller, in
turn, was D&S Mobile Home Center, Inc. 
According to the record, Wyble sued D&S, asserting claims of fraud
and deceptive trade practices.  D&S
responded by denying liability and counterclaiming for sanctions.  It also sued Morgan, though he was not a
party to Wybles suit.  Additionally, the
recovery sought against Morgan generally consisted of specific performance;
that is, D&S sought to have him negotiate a settlement check delivered to
settle damage claims arising when the home was physically moved to its intended
lot in Amarillo.

            The trial
court not only granted D&S summary judgment but levied sanctions against
Wyble.  Whether it did so correctly is
what we are being asked to address.  For
the reasons which follow, we will reverse the the judgments and sanction order.

            Morgans Claims

            Though
Morgan asserts a myriad of issues, all need not be addressed.  One is dispositive of the appeal, and it
pertains to whether D&S proved, as a mattler of law, its entitlement to a summary
judgment disposing of all claims.  We
conclude that it did not.

            As
previously alluded to, D&S sought specific performance of a settlement
agreement.  Per that accord, D&S
insurer issued a check payable to both Morgan and D&S.  In return, Morgan executed a writing wherein
he agreed to:  

release, acquit and forever discharge
Essex Insurance Company  and Shawn Fuller DBA D&S Mobile Home Center . . .
and his, her, their, or its agents, servants, successors, heirs, executors,
administrators, and all other persons, firms, corporations, associations, or
partnerships of and from any and all claims, actions, causes of action,
demands, rights, damages, costs, loss of service, expenses and compensation whatsoever,
which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of
any and all known and unknown, foreseen,and unforeseen, bodily and personal
injuries and property damage and the consequences thereof resulting or to
result from the accident, casualty, or event which occurred on or about the 15th
day of April 2007at or near Amarillo, TX. . . . [Emphasis added.]

 

It is understood and agreed that this
settlement is the compromise of a doubtful and disputed claim, and that the
payment made is not to be construed as an admission of liability on the part of
the party or parties hereby released, and that said releasees deny liability
therefore and intend merely to avoid litigation and their peace.  Furthermore, this release is intended only to
operate as a release of whatever claims the undersigned may have against the
releasees . . . .

 

The undersigned further declare(s) and represent(s) that no promise, inducement,
or agreement not herein expressed has been made to the undersigned, and that
this Release contains the entire agreement between the parties hereto, and that
the terms of this Release are contractual and not a mere recital . . . .  

 

The accident, casualty, or event mentioned encompassed the
damages inflicted upon the mobile home while being transported to its lot in
Amarillo.  Assuming arguendo, that the document was and is enforceable, the record nonetheless
contains evidence of D&S representation to Morgan, during the homes
acquisition, that the mobile home was new when it was not.  Indeed, appearing within the summary judgment
record was evidence that the home not only had been sold to another person but
also that (as of the date of deposition) D&S had yet to cause title to be
transferred from the original buyer to Morgan. 
These circumstances provided basis for Morgan to complain, via his
counterclaim, of D&S knowingly misrepresenting . . . that the home would
be of a particular quality, fitness, and value when it was not and of
committing common law fraud and a deceptive trade practice.  And, since they were unrelated to the accident,
casualty, or event of April 15, 2007 (i.e.
the transportation of the home to Amarillo), they were not encompassed by the
release.[2]   This,
in turn, means that they were not encompassed by D&S motion for summary
judgment since it was restricted to issues regarding the release and its
enforcement.  Consequently, the trial
court could not legitimately adjudicate them at the time.  Johnson
v. Brewer & Prichard, P.C., 73 S.W.3d 193, 204 (Tex. 2002) (holding it
error to adjudicate claims that fall outside the scope of the summary judgment
motion).  

            We further
note that D&S included, within the summary judgment evidence, the
deposition of Morgan.  At several points
during that deposition, Morgan described how D&S promised to repair the
damage incurred by the mobile home during its transit to Amarillo, how he
agreed to sign the release because D&S so promised, and how D&S failed
to complete the repairs as promised.  So
too did Morgan plead the affirmative defense of failed consideration in effort to
negate the enforceability of the release. 
This is important because when the consideration underlying a contract
fails, the contract becomes unenforceable. 
Federal Sign v. Texas S. Univ.,
951 S.W.2d 401, 409 (Tex. 1997).  Given
that the defense had been alleged, that D&S itself presented evidence
addressing the matter via its summary judgment proof, and that there was evidence
tending to illustrate that D&S failed to perform a promise used to induce
execution of the release, a material issue of fact existed and exists with regard
to the defense of failed consideration and the enforceability of the release.[3]


            Simply put, the
trial court erred in granting summary judgment in favor of D&S and against Morgan.  Thus, both the final judgment executed on
September 29, 2009, and summary judgment executed on January 12, 2009, will be
reversed.

            Wybles
Appeal

            Death Penalty Sanctions

            In
considering the appeal of Wyble, we first address the order entered by the
trial court on September 11, 2009, prohibiting her from offering any testimony
or evidence regarding damages in her case in chief and directing that her
claims be denied because she cannot put on evidence of the essential
element of damages in her case .  This
mandate was executed in response to the motion of D&S to sanction Wyble for
failing to supplement a discovery request. 
That is, she was asked during her deposition to identify the expert or
lay witnesses who were going to discuss the damages she allegedly
suffered.  No names were provided at the
time.  And, because the period allotted
to perform discovery allegedly had expired and she failed to supplement the particular
discovery request, D&S convinced the trial court to issue the
aforementioned order.  This was wrong,
according to Wyble, for various reasons. 
We agree.

            That the
order was tantamount to death penalty sanctions cannot reasonably be
denied.  Indeed, D&S described them
as such in a hearing.  That the period
for discovery had not ended when the trial court executed its September 11th
sanctions order is also beyond dispute.  Indeed,
before then D&S itself had requested and caused the trial court to reopen
and extend discovery to October 15, 2009. 
Additionally, the order manifesting that new deadline was executed on
August 7, 2009, or about a month before the death penalty sanction was
issued.  And, by September 11th, Wyble
had  served D&S with a Designation of
Expert and thereby supplied D&S with the supposedly outstanding information.  Thus, the premise underlying the sanction was
non-existent.  Discovery had not closed
and the response was supplemented before the death penalty sanction issued.[4]  Simply put, the trial court abused its
discretion in entering the September 11th order.

                Summary
Judgments Against Wyble

            Next, Wyble
contends that the trial court erred in entering summary judgments favoring
D&S.  We agree.

            D&S
twice moved for summary judgment against Wyble. 
One was filed on June 22, 2009, and the other on September 23,
2009.  The order granting final summary
judgment was executed on September 29, 2009, and upon which motion it acted
went unspecified.  If it was the one
filed on September 23rd, then granting it was error.  This is so because the earliest date upon
which a trial court may hear a pending motion for summary judgment is
twenty-one days after the motion is served on the non-movant.  Tex.
R. Civ. P. 166a(c); Fertic v. Spencer, 247 S.W.3d 242, 248
(Tex. App.El Paso 2007, pet. denied).  According
to the certificate of service appearing on D&S September 23rd motion,
Wyble was served with the document on September 18, 2009.  Needless to say, the time period between
September 18th and the 29th is a mere eleven days, not the twenty one mandated
by Rule 166a(c).  Thus, the trial court
could not have legitimately considered the September 23rd motion.  

            As for the June
motion, D&S thought itself entitled to summary judgment because Wyble 1)
was not a consumer under the Deceptive Trade Practices Act since Morgan allegedly
sought and acquired the mobile home and 2) could proffer no evidence of damages.[5]  Regarding the former, it has been clear for
many years that being a consumer does not require some contractual nexus or privity
to the underlying transaction.  Cook-Pizzi v. Van Waters & Rogers, Inc.
94 S.W.3d 636, 644 (Tex. App.Amarillo 2002, pet. denied); McDuffie v. Blassingame, 883 S.W.2d 329, 333 (Tex. App. Amarillo 1994,
writ denied).  Rather, one need only be
an intended beneficiary of the sale, lease, or service to qualify.  McDuffie
v. Blassingame, 883 S.W.2d at 333;
see Service Corp. Intl v. Aragon, 268 S.W.3d 112, 117 (Tex. App.Eastland
2008, pet. denied) (holding that a third-party beneficiary can be a consumer if
the transaction was specifically required by or intended to benefit the third
party and the goods or service was rendered to benefit the intended
beneficiary).  And, family members who
did not personally execute the agreement in question or pay for the services or
goods obtained may nonetheless be consumers. 
See e.g., Service Corp. Intl v.
Aragon, supra (involving the
interment of a body in the wrong cemetery plot).  

            The summary
judgment record before us contains evidence that Morgan and Wyble were common
law husband and wife at the time the mobile home was purchased and the home was
acquired for the family (i.e. Morgan,
Wyble and her children) to live in.  That
is enough evidence tending to illustrate that the abode was specifically
required by or intended to benefit Wyble and the children and rendered to
benefit those same individuals; consequently, D&S failed to carry its
summary judgment burden and prove as a matter of law that they were not
consumers.  

            As for the
purported lack of evidence regarding Wybles damages, she testified during her
deposition (a transcription of which was attached by D&S to its motion)
that she was damaged in an amount equal to the value of a like home without the
defects at issue.  Furthermore, the value
of such a home was $130,000.  This alone
is some evidence of damages, and its presence in the record negates the
proposition of D&S that she could tender none.  

            The issues
addressed above are dispositive of the appeal. 
Indeed, the others posed by Wyble and Morgan are dependent upon the
legitimacy of the summary judgments and sanction order entered by the trial court.  Accordingly, we reverse the final and summary
judgments as well as the order denying Wyble the opportunity to proffer
evidence of damages and remand the causes to the trial court.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice         











[1]Because
summary judgments are involved, we construe the evidentiary record in a light
most favorable to the non-movant.  See
Valance Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005) (requiring as much from the reviewing court).  





[2]That
neither D&S nor the trial court viewed the summary judgment as adjudicating
all the causes asserted by Morgan is exemplified by comments made during a May
15, 2009 hearing.  A summary judgment
order had been signed about four months earlier, that is, in January of
2009.  Yet, the May 15th hearing involved
special exceptions filed by D&S on May 6, 2006, to Morgans
counterclaim.  And, at that hearing, the
trial court stated that [the] . . . Special Exceptions against the
counterclaim of . . . Morgan be answered by . . . the 29th of
May.  Had the January 2009 summary
judgment adjudicated all claims and causes of action, there would have been no
need for the trial court to address whether the counterclaims were sufficiently
pled at the May 15th hearing or to order Morgan to modify them by May
29th.   





[3]No
one alleged via their summary judgment motion or responses thereto that the
parole evidence rendered unenforceable the claim of failed consideration.  Thus, we do not address that issue on appeal
since summary judgment can be affirmed or reversed only on those grounds
included in the summary judgment motion, evidence, and responses there.  Tex. R. Civ. P. 166a(c); Johnson v. Driver, 198 S.W.3d 359, 362
(Tex. App.Tyler 2006, no pet.). 





[4]That the trial court considered the decision to
reopen discovery as implicitly negating its previously issued order denying
Wyble the opportunity to proffer evidence on damages is illustrated by a
comment uttered at a September 11, 2009 hearing.  There, it stated that [a]s far as Ms. Wyble
is concerned, I dont know what discovery reopening will do, but it may change
everything and you may have to resubmit motions for Summary Judgment . . . . you
may have allowed [her] to create factual issues . . . .  





[5]Though
the issues specified in the motion for summary judgment are described in
numerous ways, each focuses on Wybles alleged
inability to establish damages because she did not buy or pay for the mobile
home.